103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David ADAMS, Plaintiff-Appellant,
v.
COUNTY OF LOS ANGELES; Charles B. Musgrave; Lt. Thomas
Ewens; Gary E. Vance; Dan Strasburg; Deborah
Strasburg, Defendants-Appellees.
 No. 95-56057.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1996.
Decided Nov. 22, 1996.
 
 Appeal from the United States District Court for the Central District of California, No. CV 93-0268 Kn (Ghkx); David V. Kenyon, District Judge, Presiding.
 C.D.Cal.
 REVERSED IN PART, AFFIRMED IN PART.
 Before: GOODWIN, WIGGINS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Adams appeals a summary judgment in favor of Defendants Deputy Charles B. Musgrave and the County of Los Angeles in his 42 U.S.C. § 1983 action for damages he claims were caused by his arrest for falsely reporting a crime. Adams was subsequently acquitted of this charge. The district court held that Deputy Musgrave was entitled to qualified immunity for his actions in arresting Adams and that Adams failed to present a triable issue of material fact regarding a lack of probable cause for the arrest.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo the district court's grant of summary judgment on the basis of qualified immunity. See Mackinney v. Nielsen, 69 F.3d 1002, 1004-05 (9th Cir.1995). We reverse and remand, in part, and affirm, in part.
 
 
 4
 In deciding whether summary judgment should have been granted, we view the evidence in the light most favorable to Adams. See Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir.1990). Summary judgment is proper only if no genuine issues of material fact exist and the district court correctly applied the relevant substantive law. See id.
 
 
 5
 A qualified immunity defense presents two questions. First, we ask whether the law governing Musgrave's conduct was clearly established. See Act Up!/ Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). Second, we ask whether Musgrave "objectively could have believed that his conduct was lawful." Id.
 
 
 6
 The right not to be subject to arrest without probable cause is so clearly established that we go directly to the question whether Musgrave reasonably could have believed probable cause justified Adams's arrest. Whether an officer's actions were reasonable depends upon the facts and circumstances within the officer's knowledge. See id. at 873.
 
 
 7
 We hold that genuine issues of material fact exist regarding what Deputy Musgrave knew and when he knew it. On November 28, 1990, Adams presented Musgrave with one written complaint regarding check number 5628 that had bounced and copies of two checks, numbers 5530 and 5650, that he also stated had bounced. Adams filed no written complaint about the latter two checks. Adams presented deposition evidence that he told Deputy Musgrave that he presented these two checks only to demonstrate his employer's history of writing checks with nonsufficient funds (NSF).
 
 
 8
 Upon investigating Adams's allegations, Musgrave discovered that check 5628 was, in fact, unlawfully drawn on insufficient funds. Musgrave also learned that Adams had cashed checks 5530 and 5650 and had been paid their full amount prior to the November 28th meeting between the two men. Apparently on the basis of this information, Musgrave determined there was probable cause to arrest Adams for falsely reporting a crime under Cal.Pen.Code § 148.5(a). However, Musgrave also discovered during his investigation, upon examining the original copies of these checks, that at last one of them had been NSF prior to Adam's presentation of the checks to the officer. Under California law, a crime against Adams was complete as soon as he received a check that was insufficiently funded. See Cal.Penal Code § 476a. That he thereafter presented the check and received payment is immaterial.
 
 
 9
 We cannot say, as a matter of law, that it was reasonable for Deputy Musgrave to arrest Adams. Adams filed only one written complaint regarding one NSF check. Musgrave's investigation revealed that Adams was correct about that check. Viewing the evidence in the light most favorable to Adams, there is a genuine issue of fact regarding whether Adams "reported" the other two checks NSF at all. Further, Musgrave's investigation also revealed that Adams was correct about at least one of these checks. There is a genuine issue regarding whether Musgrave knew that these checks had bounced before he arrested Adams. A trier of fact should resolve these disputed factual questions.
 
 
 10
 Adams also appeals the summary judgment in favor of the County of Los Angeles. The district court held that the county cannot be held liable under any of the possible avenues for finding municipal liability under Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir.1992), cert. denied, 114 S.Ct. 345 (1993), because no employee of the county committed a constitutional tort. The court did not rule on whether Adams presented evidence satisfying any of the Gillette theories of municipal liability. Because we remand for a trial on the merits of Adams's claim that Musgrave committed a constitutional tort, we also reverse the summary judgment for the County of Los Angeles.
 
 
 11
 Adams also appeals the summary judgment in favor of his former employers, the Strasburgs, on his state law malicious prosecution and false arrest claims. He points to nothing in the record, however, to prove any involvement by the Strasburgs in pressing his arrest or prosecution. We therefore agree with the district court that these claims are without merit and affirm the summary judgment for these defendants.
 
 
 12
 No party is to recover costs on appeal.
 
 
 13
 REVERSED in part, REMANDED, and AFFIRMED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3